PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN CANTRE, Defendant and Appellant.

No. 6656.   Argued July 20, 1937.—Decided July 31, 1937.

*E. Martínez Aviles,* for appellant.   *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Juan Cantre was charged by the District Attorney of Arecibo of having seduced under promise of marriage the unmarried female, of previous chaste character and until

then reputed pure, Florencia Maysonet Ríos. He pleaded not guilty and his case was tried by a jury and he was convicted. When the court was about to render its judgment, the following occurred:

"On this day, September 24, 1935, the accused appeared accompanied by his attorney. The court informed him of the procedure following in his case, and of the verdict of the jury and asked him whether he had anything to say why judgment should not be rendered. The defendant then asked for permission to present the statement of the injured party and of two other witnesses or certain points so that the court be lenient in its judgment. The court gave its consent and after hearing said statement proceeds to render judgment in the following manner:

"In this case of seduction the accussed stated on the day of the trial that he was willing to marry, and the injured party, from the witness stand stated that she did not wish to marry claiming that he was in love with another, and the court when instructing the jury informed it that although the Penal Code provides that the intermarriage of the parties is a bar to a prosecution, nevertheless the statement made by the accused on the trial was too late and the judge was compelled to allow the case to go the jury as it appeared from the evidence.

"However in fixing the punishment, the judge of this court must take into account that if the accused really received the aggrieved party by making to her a promise of marriage so as to have sexual intercourse, and if such deceit constitutes an element of offense to the dignity of the prosecutrix the repentance of said accused trying to make amends though it be too late from a legal standpoint, places this court in a condition to judge the case with humanity, especially since the aggrieved party emphatically refuses to marry the man who, caused her the wrong the object of the offense.

"Therefore, the court in view of the circumstances of the case, sentences the accused to serve only four (4) months in imprisonment, which he must serve in the Penitentiary of Puerto Rico."

Feeling aggrieved of that judgment, Cantre was not satisfied and appealed. In his brief he assign two errors; one claimed to have been committed by the court in refusing to give to the jury a certain instruction and the other in weighing the evidence.

██ The instruction which was not given was the following:

"That though it is true that the district attorney is not bound to ask for the dismissal of the prosecution because of the fact that the accused is willing to marry the prosecutrix and she refuses to do so, however, it is a good and meritorious defense for the accused to state that he is willing to marry."

The court refused to give the instruction because "in the form that the instruction is requested it cannot be given and finds that this point is covered by its instructions to the jury".

Its instructions were in the sense mentioned when judgment was rendered.

In arguing his first assignment of error, the appellant failed to cite any case, doctrine or precedent whatever in support of his contention but confined himself to a transcription of Section 262 of the Penal Code, which provides thus:—

"Section 262.—The intermarriage of the parties prior to the trial is a bar to a prosecution for a violation of the preceding section."

The law does not speak of the disposition of the accused to marry, but of the prior intermarriage of the parties. We think that the court interpreted the law correctly and took into consideration the attenuant circumstances at the proper time for the purposes of limiting the punishment.

██ The second assignment was based on the claim that the essential elements of the offense were not proved by the best evidence, as the prosecutrix, during the trial, denied that the accused had promised to marry her.

It thus happened in effect. The prosecutrix, who before the trial had stated that the accused had offered to marry her, during the trial repeatedly said that the accused did not make any promise to her, and her testimony at the trial is the only testimony to be considered ultimately, subject, of course, to the contradiction thereof, which the district attorney made in accordance with the provisions of Sections 243 and 245 of the Code of Criminal Procedure, thus:—

"Sec. 243.—The party producing a witness is not allowed to impeach his credit by evidence of bad character; but he may contradict him by other evidence, and may also show that he had made at other times statements inconsistent with his present testimony.

"Sec. 245.—A witness may also be impeached by evidence that he has made at other times statements inconsistent with his present testimony; but before this can be done the statements must be related to him, with the circumstances of time, places, and persons present, and he must be asked whether he made such statements, and if so, allowed to explain them. If the statements be in writing, they must be shown to the witness before any question is put to him concerning them."

If the proof of a promise of marriage had depended solely on the testimony of the prosecutrix, the acquittal of the accused should have been proper. But it was not so. Two witnesses, Enriqueta and María Ríos, mother and grandmother, respectively, of the aggrieved party, testified explicitly as to the existence of the promise of marriage and the jury believed them. Hence, there was evidence on that point.

Since the errors assigned were not committed, the appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Córdova Dávil took no part in the decision of this case.